# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# BRUNSWICK DIVISION

| | |
|---|---|
| NOAH F. CORBITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CV215-128 |
| THE HONORABLE LISA GODBEY ) | |
| WOOD, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Noah Corbitt has filed a form 42 U.S.C. § 1983 complaint against the Chief Judge of this district alleging that she "used false statements in her order denying" his 28 U.S.C. § 2254 petition. Doc. 1 at 5. He wants that case[1] reopened and an order directing the respondent Marty Allen, Warden of Valdosta State Prison, to (1) provide a complete copy of Corbitt's "record;" (2) "answer the grounds [he] submitted;" and (3) explain the respondent's "false statements and other

---

[1] *Corbitt v. Allen*, No. CV514-058 (S.D. Ga.) ("*Corbitt I*")

violations of applicable codes and rules." *Id.* at 7. Upon preliminary review,[2] his complaint must be **DISMISSED**.

First, Chief Judge Wood is absolutely immune from suit, since Corbitt alleges nothing beyond activities that fall within her official function. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute immunity for all actions taken in their judicial capacity. . . .") (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *see also id.* (Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.") (quotes omitted). Second, § 1983 provides a cause of action for constitutional violations by *state* actors, which, of course, Chief Judge Wood is not. *See* 42 U.S.C. § 1983. Third, Corbitt cannot use a § 1983 claim to, in essence, continue his § 2254 assault on his state convictions. *See Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (courts "must 'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate

---

[2] Corbitt proceeds *in forma pauperis* (IFP) (doc. 4), so the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a plausible claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

the duration of their confinement'") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)).

Given the sheer frivolity of Corbitt's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Corbitt to pay his filing fee. His furnished PLRA paperwork reflects $14.50 in average monthly deposits and a $27.74 average monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 7. He therefore owes an initial partial filing fee of $5.55. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent

formula). Plaintiff's custodian shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 23rd day of November, 2015.

*/s/ JM Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA